IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Harner,                            :
                    Petitioner              :
                                            :
        v.                                  :  No. 358 C.D. 2019
                                            :  SUBMITTED: July 19, 2019
Pennsylvania Board of Probation             :
and Parole,                                 :
                    Respondent              :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED: September 5, 2019

        Anthony Harner (Harner) petitions for review from a March 6, 2019 order of
the Pennsylvania Board of Probation and Parole (Board). The Board affirmed its
August 11, 2017 decision recommitting Harner to serve six months of backtime as a
convicted parole violator (CPV) and recalculating his maximum parole violation
date as September 3, 2019. After thorough consideration, we reverse the Board's
order in part and remand for proceedings consistent with this opinion.

## I. Background

        Harner pleaded guilty to a single count of aggravated assault and was
sentenced on September 30, 2009, in the Court of Common Pleas of Philadelphia
County (Trial Court) to a term of 5 to 10 years in state prison. Certified Record
(C.R.) at 1-3. Harner was paroled on September 12, 2016. At that time the maximum

date on his sentence was March 21, 2019. *Id.* at 11. Harner was subsequently declared delinquent by the Board on October 30, 2016 after he did not return to his designated halfway house in Philadelphia. *Id.* at 17-20.

Harner was arrested in Philadelphia County on November 25, 2016 and charged with several new crimes relating to theft of a motor vehicle. *Id.* at 22-24. The Board placed a detainer upon Harner that same day. *Id.* at 21. On January 26, 2017, the Board ordered him to serve six months of backtime as a technical parole violator (TPV) and to be detained pending resolution of the new theft charges. *Id.* at 43-47.

Harner pleaded guilty to a single count of theft and was sentenced by the Trial Court on March 1, 2017, to a term of 3 months to 23 months, with a direction that the new sentence be served concurrently with all other active sentences and that Harner be "immediately paroled" on June 1, 2017 (*i.e.*, after completing the minimum of 3 months). *Id.* at 51. Of particular relevance to this matter, the trial court directed that Harner serve this sentence in "State Custody." *Id.*

On August 11, 2017, the Board ordered Harner to serve six months of backtime as a convicted parole violator (CPV), concurrent with the previously imposed six months of TPV backtime. *Id.* at 80-81. The Board awarded Harner 96 days of credit for the time period between November 25, 2016, and March 1, 2017, during which he was held solely on the Board's detainer. However, the Board denied any sentence credit for the time Harner spent at liberty on parole. Thus, the Board calculated that Harner had 824 days remaining on his 2009 sentence. *Id.* at 94-95.

The Board determined that Harner did not become available to begin serving the imposed backtime until June 1, 2017, the Trial Court's stated minimum parole

2

date on his new sentence. Accordingly, the Board recalculated Harner's maximum sentence date on his 2009 conviction as September 3, 2019. *Id.* at 78.

On August 18, 2017, Harner mailed an administrative remedies form to the Board, arguing that the correct maximum date on his 2009 sentence was actually June 3, 2019, not September 3, 2019, and that his backtime was supposed to run concurrently with his new sentence. *Id.* at 92-93.[1] The Board denied Harner's administrative challenge on March 6, 2019, informing him that backtime and new sentences could only be served consecutively, not concurrently. The Board also concluded that his maximum sentence date was correct, as he had not become available to begin serving the imposed backtime until after completion of his new sentence, which the Board characterized as county-level in nature. *Id.* at 94-95. This Petition for Review followed.

## II. Issue

On appeal,[2] Harner maintains that the Board erred by recalculating his maximum date as September 3, 2019. Petitioner's Br. at 10-14. Harner claims that his actual maximum date is June 3, 2019, because the Trial Court had ordered him to serve his new sentence in state prison, which rendered him available to serve the imposed backtime immediately after he was sentenced on March 1, 2017.[3] *Id.*

---

[1] Harner previously mailed an administrative remedies form to the Board on May 15, 2017, which the Board dismissed as premature, due to the fact that it had been sent before the Board issued its August 11, 2017 decision. C.R. at 90-91, 94.

[2] Our standard of review in the context of Board decisions is limited to determining whether the Board violated a petitioner's constitutional rights or committed an error of law, as well as whether the Board's findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[3] Harner does not reassert on appeal his argument that his backtime should have run concurrently with his new sentence.

## III. Discussion

Section 6138(5) of the Prisons and Parole Code[4] states:

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed . . .
>
> > (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
> >
> > (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
> >
> > (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. § 6138(5). Thus, the salient issue when determining the order in which a CPV must serve Board-mandated backtime and a new, state court-imposed sentence is not the length of that sentence, but rather *where* that sentence is to be served. *See generally* 1 Pa. C.S. § 1921(a)-(b) ("The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. . . . When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").

Here, the Trial Court explicitly ordered Harner to serve his 2017 sentence in state prison. Therefore, Harner was required by law to serve the backtime imposed by the Board *before* starting to serve his new sentence. 61 Pa. C.S. § 6138(5)(i). The Board's insistence that Harner serve his new sentence first thus contravened this

---

[4] 61 Pa. C.S. §§ 101 – 7123.

statutory mandate. Accordingly, we agree with Harner that the correct maximum sentence date on his 2009 sentence was June 3, 2019, rather than September 3, 2019.

## IV. Conclusion

Based on the foregoing discussion, we reverse the portion of the Board's March 6, 2019 order that set Harner's maximum date on his 2009 sentence as September 3, 2019, and remand this matter to the Board so that it can recalculate the maximum date on that sentence as June 3, 2019.

_____
ELLEN CEISLER, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Harner, : 
           Petitioner : 
            : 
     v. : No. 358 C.D. 2019
            : 
Pennsylvania Board of Probation : 
and Parole, : 
           Respondent : 

# **O R D E R**

AND NOW, this 5th day of September, 2019, the portion of the March 6, 2019 order of the Pennsylvania Board of Probation and Parole (Board) recalculating the maximum sentence date of Anthony Harner as September 3, 2019 is hereby REVERSED. This matter is REMANDED to the Board for a recalculation of Harner's maximum date for his 2009 sentence as June 3, 2019.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge